FILED ___ LODGED
RECEIVED ___ COPY
NOV 2 2 2010
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ S DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jennifer Jones            )      No CIV '10 2524 PHX JWS

    Plaintiff/ Petitioner    )      Complaint

Vs                        )

Town of Quartzsite Body Politic  )

    Defendant/ Respondent   )

_____)

PETITIONER'S MOTION FOR

A PRELIMINARY INJUNCTION

## I. SUMMARY

Petitioner asks the Court to invoke its extraordinary powers to award temporary emergency relief by issuing a preliminary injunction aimed at preventing Quartzsite Body Politic from incurring monetary damages to the citizens of Quartzsite that are unrelated to the normal day to day basic business operations of the Town, including but not limited to: new capitol expenditures, personal use of capitol assets, or the transferring of capitol assets, and from damage that would result from engaging in enforcement activities against citizens and business persons in the community on recent legislative or administrative changes either solely approved by staff or passed by the current sitting Council with a less than unanimous vote, commencing from the May 25th, 2010 regular meeting of the Common Council forward, until this Court can consider the

Constitutionality of those approved changes and/or this Court issues a determination of the merits of Petitioner's challenge, or until further order of the Court.

Petitioner is entitled to the relief demanded to the extent of restraining the commission or the continuance of the acts complained of in the attached Memorandum under Federal Rule of Civil Procedure 65, because Petitioner is likely to succeed on the merits, Petitioner will suffer irreparable injury without the injunction, no third parties will be unjustifiably harmed if the injunction is granted, a preliminary injunction is in the public interest, and there is no other adequate remedy at law.

Petitioner requests that the Court grant this preliminary injunction motion and preliminarily restrain the Quartzsite Body Politic, Town Council, its agents and employees from irreparably injuring the Petitioner, endangering the solvency of the incorporated Town, or acting against the best interests of the citizens thereof

. No bond is necessary because the Quartzsite Body Politic will suffer no monetary damages should it be decided that the injunction should not have been granted. Rather, the injunction should be granted because the Respondent, Town of Quartzsite Body Politic has already sustained monetary damage due to the acts complained of in the attached Memorandum and it is certain that the Town of Quartzsite Body Politic will sustain further monetary damage if the actions of the current Town Council and members of staff are allowed to continue along their present course.

**II.      Memorandum In Support of Preliminary Injunction Motion**

**III.     Table of Contents**

IV.     Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
          . .3

V.      Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
          . .4

VI.     Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A. Petitioner Has a Substantial Likelihood of Success on the Merits. . . . . . . . . . . . . . . . . . . .6

B. Petitioner Will Suffer Irreparable Damage Without the Injunction. . . . . . . . . . . . . . . . . . 7

C. No third parties will be unjustifiably harmed if the injunction is granted. . . . . . . . . . . . 7

D. The Injunction Furthers the Public Interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VII. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VIII. Exhibits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**IV. Background**

      This case is about the abuse of power for political and personal gain by six members of the current Quartzsite Town Council and Town staff. The basis of injunctive relief in the federal courts has always been irreparable harm. First as appointed Councilpersons, then as elected Councilpersons, the representatives of the citizens have engaged in an escalating pattern of political harassment and retribution against businesses and persons associated with their opposition. Formal complaints about these actions have not been properly investigated, or in several instances, not investigated at all. Many of the complaints relate to allegations of felony crimes and Constitutional violations.

      The contra bonos mores actions have become so blatant that the current Mayor and the citizens are in some instances providing the Council and staff with case law in

advance of the vote. Heedless of this advice, Council has passed agenda items that further personal goals and open up the body politic to civil litigation with a total disregard of citizen's rights, case precedent and even The Supreme Law of the Land. The Town Council has consistently acted against the public interest even after knowingly waiving executive protection. All six members of the Town Council and several Town employees have willfully violated their oath of office and are engaging in conduct that falls under the RICO Act, U.S.C Title 18.

## V.   Facts

The facts of this case are as follows:

Members of the current and former Quartzsite Town Council and Staff have engaged in, and continue to engage in illegal conduct. They have conspired together to deny my Constitutional Rights and the Constitutional Rights of the citizens. They have made administrative and legislative changes that further their personal agendas, benefit certain individuals financially, and are not acting in the best interest of the Town and the citizens. In the current political atmosphere of the pending March 2011 recall election, this activity is rapidly escalating and has recently culminated in the use of physical force against myself and my husband.

Members of the current Town Council have directed staff to investigate, threaten, harass and intimidate citizens who seek to oppose them politically by the lawful acts of: openly registering new voters, running for office against them, displaying signs which endorse candidates who run against them, signing recall petitions, or even simply speaking out against them at Town meetings.

I have diligently documented this increasing pattern of activity since April of 2008, when Quartzsite Police officers along with Town and County employees conducted a well publicized warrant less search of my residence and business, as verified by photographs, court testimony and exhibits. I was completely cleared of any wrongdoing in that matter.

I filed formal complaints with both the Town and County, naively expecting an investigation and discipline of the perpetrators, but only a cover up ensued. In the months that followed, word spread of my ordeal and numerous citizens related similar occurrences that had happened to them, or someone they knew personally.

Frustrated members of the community began to loosely organize to try and peacefully restore the balance of power and open dialog between the public and the Town government. The result has been anything but peaceful and the retribution has spiraled irreparably out of control.

The Current Town Council and members of staff have abused the authority of government to shut down dissent by intentionally denying free speech, due process, equal treatment and equal protection under the law. Their tactics have become unpredictably dangerous as they become more desperate to maintain political control. The County has repeatedly refused to intervene and the situation has now become dire.

Last spring, the activity began being documented on the internet, at: http://quartzsitearizona.blogspot.com and the online archives there contain documentation of illegal and immoral conduct by members of the Quartzsite Council, Quartzite Police, Town Manager and Town Building Official.

Along with other citizens, I have compiled a large collection of video, Town audio files, police reports, emails and other documents gained through open record requests to substantiate the following claims for the year to date 2010, including but not limited to:

1. Voter harassment at the polls and targeted investigation of voters.

2. The police Chief solicited testimony to file unfounded criminal reports. without a victim or sworn complaint, against myself and others.

3. Criminal arrests being made by Quartzsite police as a tool for political retribution, with the charges later dismissed by the prosecutor.

4. Complaints filed against the police were not investigated as claimed by the Town Manager and the Chief of Police.

5. Contract and grant administration awarded to the Town Manager's private charity.

6. Contracts awarded or positions filled without being advertised.

7. Witness tampering at the direction of Council and the Police Chief

8. Pay increases for the Police Chief in violation of the terms of his contract.

9. The Town Attorney has billed the Town for legal work done for a private corporation, operated by the wife of a current council person.

On 4-13-10, my husband was assaulted on the property where our business was located, by Quartzsite Police Chief Gilbert and Detective Rodriguez. Although my husband was charged with no crime and the incident was video taped, the La Paz County Sheriff's Office refused to charge the officers, who also threatened witness, Mayor Ed Foster. Later that evening at the regular meeting of the Common Council, I was unlawfully detained and threatened by Police Chief Gilbert. This incident was also video taped and a formal complaint was filed with the Town.

On 11-19-10, I was assaulted by the Al Johnson, the Town Building Official during a videotaped unlawful search and criminal trespass approximately two hours after my landlord received a threatening phone call from a woman claiming to be with Town "planning and zoning" for which I filed a written complaint.

VI.   **Argument**

A temporary injunction is necessary to provide the citizens a meaningful opportunity to secure independent legal council and organize the growing body of evidence. In the absence of a temporary injunction, further damage to the citizens and the Petitioner is both certain and imminent.

The Town of Quatzsite Body Politic cannot claim immunity for the actions in question. It is part of official Town record that on several occasions, Council was instructed that they were stepping outside of the law and waiving executive protection. After repeated pleadings for the Council to follow the Statutes, Codes, and Ordinances

set forth, there is no other suitable legal remedy and requests for assistance from agencies outside of Town jurisdiction have as yet provided no relief.

**A. Petitioner Has a Substantial Likelihood of Success on the Merits**

The evidence is compelling and incontrovertible. The egregious actions of the current Quartzsite Town Council, Town Manager, Police Chief and Building Official are well documented. Video, audio, police reports and other official documents, internet posts and email correspondence leave very little room for interpretation. There are numerous corroborating witnesses willing to testify at a hearing on this motion.

**B. Petitioner Will Suffer Irreparable Damage Without the Injunction**

An immediate stay is warranted because the behavior of current Town Council members and staff are becoming dangerously erratic. Confrontations are becoming violent and the harassment against me, my husband, my friends, and many other innocent citizens and business operators has exacerbated to the point that parties unrelated to the political turmoil are now suffering damage. Seasonal businesses are leaving at an alarming rate and some of the large swap meet operators have vacancies for the first time in years. Many long time businesses that provide vital services to the Town are for sale at a substantially reduced price, yet there was only one real estate sale transacted for the month of October, 2010. The very real threat of new lawsuits and damage claims against the Town is looming. There will be no adequate remedies to redress the harm the Town and its citizens will suffer if this temporary injunction is not granted. It takes years to build a favorable reputation for business and tourism, but only one season to destroy the economy of a town that is already in serious financial trouble.

**C. No third parties will be unjustifiably harmed if the injunction is granted**

No one will be unjustifiably harmed if this Court allows Petitioner to temporarily enjoin the Town of Quartzsite Body Politic from incurring additional monetary damages

to the citizens of Quartzsite that are unrelated to the normal day to day basic business operations of the Town, or from prohibiting Town officials from engaging in enforcement activities against citizens and business persons that are not already covered by current Arizona Revised Statutes, until a such date as this Court can issue a determination of the merits of Petitioner's challenge, or until further order of the Court.

**D. The Injunction Furthers the Public Interest**

It is in the public interest to protect public assets, preserve the rule of law and the Rights enumerated in the Constitution.

**VII.   Conclusion**

A preliminary injunction should issue because all of the required elements for preliminary injunctive relief are met. The injury complained of is of such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable harm No other legal remedy is currently available. This Court should expeditiously grant the requested injunction.

**VIII.   Exhibits**

A.   Copy of the 2009 complaint mailed to the AZ Attorney General's Office

B.   Copy of the memorandum draft sent to the office of David Hossler, attorney

C.   Copy of case law entered into Town meeting minutes

D.   List of Respondents/Defendants

Dated this 22nd Day of November, 2010

Respectfully submitted,

_____
Jennifer Jones

Petitioner, in pro per